**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RYDEX TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDRAD, INC.,<br><br>    Defendant. | **Civil Action No. _____**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Rydex Technologies LLC, by way of its Complaint for Patent Infringement ("Complaint") against Defendant MEDRAD, Inc. ("Defendant" or "MEDRAD"), alleges as follows:

**NATURE OF THE ACTION**

1.   This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2.   Plaintiff Rydex Technologies LLC ("Rydex") is a limited liability company organized under the laws of the State of Delaware with a place of business at 113 Barksdale Professional Center, Newark, Delaware 19711.

3.   Upon information and belief, Defendant MEDRAD is a corporation organized under the laws of Delaware, with its principal place of business at 100 Global View Drive, Warrendale, Pennsylvania 15086.  Upon information and belief, Defendant MEDRAD sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that perform infringing processes into the stream of

commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

7. Upon information and belief, Defendant MEDRAD conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware. Further, this Court has personal jurisdiction over Defendant MEDRAD because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,913,180 C1

8. The allegations set forth in the foregoing paragraphs 1 through 7 are hereby realleged and incorporated herein by reference.

9. On June 15, 1999, U.S. Patent No. 5,913,180, entitled "Fluid Delivery Control Nozzle," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of such patent is attached as Exhibit A to this Complaint. On April 26, 2011, re-examination certificate 5,913,180 C1 was duly and legally issued by the United States Patent and Trademark Office (the original patent along with re-exam certificate are collective referred to herein as the "'180 Patent"). A true and correct copy of the reexamination certificate is attached as Exhibit B to this Complaint.

10. Rydex is the assignee and owner of the right, title and interest in and to the '180 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

11. Upon information and belief, Defendant MEDRAD has and continues to directly infringe one or more claims of the '180 Patent by making, using, selling, importing, and/or providing and causing to be used products that have the capability to wirelessly transmit information regarding a fluid delivery to a remote device, which by way of example include the Continuum MR Infusion System (the "Accused Instrumentalities").

12. Defendant was made aware of the '180 Patent and its infringement thereof at least as early as its receipt of correspondence from Rydex providing notice of the '180 patent and Defendant's infringement thereof, sent to Defendant on April 5, 2013. This letter was sent by FedEX 2-day Mail with a tracking number. Rydex has since received confirmation from FedEX that this letter was delivered to Defendant MEDRAD on April 9, 2013.

13. Upon information and belief, since at least the time it received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '180 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '180 Patent.

14. In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause

infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '180 Patent and that its acts were inducing its customers to infringe the '180 Patent since at least the date Defendant received notice from Rydex notifying Defendant that such activities infringed the '180 Patent.

15. Despite Rydex's notice regarding the '180 Patent, Defendant has continued to infringe the '180 Patent. On information and belief, Defendant's infringement has been and continues to be willful.

16. Rydex has been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Rydex demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rydex demands judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the '180 Patent;

B. An award of damages to be paid by Defendant adequate to compensate Rydex for its past infringement of the '180 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Rydex of such further relief at law or in equity as the Court deems just and proper.

Dated: April 16, 2013	STAMOULIS & WEINBLATT LLC
*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Rydex Technologies LLC*